UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| US LIGHTING GROUP, INC., | ) | CASE NO. 1:25-cv-00663 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| DARIN MANGUM, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Defendants Darin Mangum ("Mangum") and Mangum & Associates, P.C. ("Mangum & Assoc.") (together "Defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff US Lighting Group, Inc.'s ("Plaintiff") Complaint for lack of personal jurisdiction.  (Doc. 5.)  Plaintiff has not opposed the Motion to Dismiss.  For the reasons stated herein, the Motion to Dismiss is GRANTED.

**I.  BACKGROUND**

Plaintiff filed a Complaint against Mangum, Mangum & Assoc., and John Does 1-5 in the Cuyahoga County Court of Common Pleas, Case No. CV-25-113087, asserting negligence, legal malpractice, unjust enrichment, and breach of contract.  (Doc. 1-2.)  Defendants timely and properly removed this action based on diversity jurisdiction.  (Doc. 1 at 2.)

Plaintiff is a publicly traded company with its principal place of business in Euclid, Ohio.  (Doc. 1-2 ¶ 1.)  Mangum resides in the state of Utah.  (*Id.* at ¶ 7.)  He practices law in Utah, Texas, Puerto Rico, and New York.  (*Id.* at ¶ 14.)  Mangum & Assoc. maintains its principal place of business in Utah.  (*Id.* at ¶ 8.)  The John Doe defendants are "individuals, companies, corporations, and/or other entities organized or existing in the state of Utah and in the state of Texas . . . who regularly did or solicited business or engaged in other persistent courses of

conduct or derived substantial revenue from goods used or consumed or services rendered in the state of Ohio." (*Id*. at ¶ 9.) In its statement concerning personal jurisdiction, Plaintiff alleges:

> [T]his Court has personal jurisdiction over [d]efendants pursuant to Ohio's long-arm statute, Ohio Revised Code 2307.02. Defendants transacted business in Ohio by providing legal services to an Ohio corporation, and their negligent acts and omissions caused tortious injury in Ohio. Defendants' failure to exercise due diligence and their legal malpractice foreseeably resulted in harm to Plaintiff within the state, thereby subjecting them to the jurisdiction of Ohio Courts.

(*Id.* at ¶ 12.)

On October 4, 2017, Plaintiff contacted Mangum seeking legal assistance with SEC compliance and stock sales. (*Id*. at ¶ 15.) Plaintiff then sent Mangum a "subscription agreement" for Mangum's review. (*Id*.) Mangum responded the next day with information about fees and stated any contract prepared would be "SEC-compliant." (*Id*.) Plaintiff hired Mangum and Mangum & Assoc., but it now claims services rendered were legally deficient, tortious, and breached their agreement. (*Id*. at ¶¶ 16-19.)

In their Motion to Dismiss, Defendants acknowledge their contacts with Puerto Rico and Utah and seize upon two critical complaint allegations for purposes of challenging personal jurisdiction: (1) only Plaintiff has contacts with Ohio, and (2) Plaintiff's relationship with Defendants came about because Plaintiff contacted Mangum about securing legal services. (Doc. 5 at 56-61.)[1] The Complaint generally asserts personal jurisdiction, but the scant factual allegations run counter to a finding of personal jurisdiction, they urge. (*Id*. at 53-54.)

In support of its Motion to Dismiss, Defendants submitted Mangum's Affidavit. (Doc. 6.) Mangum does not own any property in Ohio, does not conduct business in Ohio, does not practice law in Ohio, and has no other connection with Ohio. (*Id*. at ¶ 3.) Mangum is the sole

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

shareholder of Mangum & Assoc. (*Id.* at ¶ 4.) Mangum & Assoc. is organized under and principally placed for business purposes in Puerto Rico. (*Id.*) Mangum & Associate, PLLC and Darin H. Mangum, PLLC are both Utah entities. (*Id.*) Mangum & Assoc. is the sole owner and member of both Mangum & Associate, PLLC and Darin H. Mangum, PLLC. (*Id.*) Like Mangum, the entities have no contacts with Ohio. (*Id.*) Plaintiff conducts business through the OTCMARKETS, a "purely online stock trading platform . . . ." (*Id.* at ¶ 6.)

Plaintiff did not respond to Defendants' Motion to Dismiss. The docket reflects the Notice of Removal and Motion to Dismiss were separately served on Plaintiff through its counsel of record. The Court may – and does – interpret the absence of a response to a motion to dismiss as a waiver of opposition. *Ray v. United States*, No. 11-CR-115-HSM-CHS-1, 16-CV-141, 2017 U.S. Dist. LEXIS 81787, 2017 WL 2350095, at *2 (E.D. Tenn. May 30, 2017) (citing *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x. 567, 569 (6th Cir. 2013) (explaining that failure to respond to or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion)); *Demsey v. R.J. Reynolds Tobacco Co.*, No. 04-CV-1942, 2005 U.S. Dist. LEXIS 43339, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) ("The court's authority to grant a motion to dismiss because it is unopposed is well established[.]"); *see also Humphrey v. United States AG Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.").

## II.     ANALYSIS

District courts have discretion in deciding how to resolve motions to dismiss for lack of personal jurisdiction. A district court "may rely 'upon the affidavits alone; it may permit

discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.'" *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

When the court "'rules on written submissions alone[,]' the burden consists of 'a *prima facie* showing that personal jurisdiction exists.'" *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Here, the Court proceeds on the submissions before it, namely the Complaint and Motion to Dismiss with supporting affidavit.

To make a prima facie showing of personal jurisdiction, Plaintiff need only "establish[] with reasonable particularity sufficient contacts between [Defendants] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. Cal. Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). In assessing Plaintiff's "prima facie case," the Court considers the evidence "in a light most favorable to [Plaintiff]" and does not weigh "the controverting assertions of the party seeking dismissal." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 847 (6th Cir. 2017) (quoting *Theunissen*, 935 F.2d at 1459).

A court sitting in diversity does not have personal jurisdiction unless the defendants are (A) "amenable to service of process under [Ohio's] long-arm statute" and (B) the "exercise of personal jurisdiction would not deny [defendants] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)).

The Court's due process analysis focuses on whether the defendant had "certain minimum contacts" with Ohio "such that maintenance of the suit does not offend 'traditional

notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).  "[P]ersonal jurisdiction can either be specific or general" depending on the facts presented. *Air Prods. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549-50 (6th Cir. 2007).  The Sixth Circuit applies a three-part test to determine whether specific personal jurisdiction comports with due process.  "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state." *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (emphasis removed) (quoting *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016)).  Second, "the claims must arise out of or relate to the defendant's contacts with the forum." *Id.* (internal quotations omitted) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 361, 141 S. Ct. 1017, 209 L.Ed.2d 255 (2021)).  And third, "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* (quoting *AlixPartners*, 836 F.3d at 549-50).

### A.    Purposeful Availment

A defendant purposefully avails itself of a forum when it "act[s] or cause[s] a consequence" in the forum such that it "invoke[s] the benefits and protections" of that forum's law. *MAG IAS Holdings*, 854 F.3d at 900.  The requirement of purposeful availment is "more aspirational than self-defining," but years of judicial experience have uncovered four principles that now guide the Court. *Power Invs., LLC v. SL EC, LLC*, 927 F.3d 914, 917-18 (6th Cir. 2019) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008)).

First, the defendants' forum contacts must be intentional. Purposeful availment requires the defendant to have "*deliberately* reached out beyond its home" into the forum. *Ford*, 592 U.S. at 359 (emphasis added) (internal quotations and citation omitted). Contacts that are no more than "random, fortuitous, or attenuated" are not enough. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotations and citation omitted).

Second, the defendant's forum contacts must be of sufficient significance. The defendant must have "created a 'substantial connection' with the forum state by engaging in 'significant activities within [the] State,' or by creating 'continuing obligations' to residents in that state." *MAG IAS Holdings*, 854 F.3d at 900 (alteration in original) (quoting *Burger King*, 471 U.S. at 475-76). Substantiality does not require any specific type of contact. For example, forum contacts can be substantial even when the defendant is not physically present in the forum, though physical presence is relevant to the analysis. *Id.* (citing *Burger King*, 471 U.S. at 476; and *Walden v. Fiore*, 571 U.S. 277, 285, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014)). Instead, whether forum contacts are sufficiently substantial depends on the "quality of the contacts, and not their number or status." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996) (cleaned up) (citation omitted). That said, "[a] single deal with an in-forum resident [] does not by itself suffice." *Power Invs.*, 927 F.3d at 918 (citing *Burger King*, 471 U.S. at 478); *see also Neogen*, 282 F.3d at 891 (explaining that a "one-time, unlikely-to-be-repeated" deal did not create personal jurisdiction).

Third, purposeful availment depends on the "contacts that the 'defendant *[it]self*' creates with the forum State." *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475). Because personal jurisdiction focuses on the defendant, contacts between a plaintiff or third party and the forum state cannot establish minimum contacts. *Id.*

Fourth, and relatedly, purposeful availment "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. While the "defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties," the Supreme Court has explained that the "defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286.

Applying these four guiding principles, the Court finds that Plaintiff has not pleaded facts to support purposeful availment. The existence of a legal agreement between Plaintiff and Defendant is not enough. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000). Plaintiff affirmatively pleads that it reached out to and solicited information from Defendants. (Doc. 1-2 ¶ 15.) Not the other way around. Absent from the Complaint are any allegations that Defendants maintained a business or office in Ohio, advertised or solicited business in Ohio, travelled to Ohio for the purpose of developing business here, or employed individuals to affirmatively engage in any way with Ohio.

**B.     Arise Out Of or Relate To**

Due process also requires that a plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Ford*, 592 U.S. at 359 (internal quotations and citation omitted). This standard does not necessarily require a causal connection between the defendant's contacts and plaintiff's claims. While "[t]he first half of that standard asks about causation[,] the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id.* at 362.

Of course, the "relate to" inquiry "does not mean anything goes." *Id.* There are "real limits" that "protect defendants foreign to a forum." *Id.* In practice, "relate to" means that the

defendant's forum contacts are of the same type that gave rise to the plaintiff's claims, even if the actions that created those claims occurred outside the forum.

Again, the Complaint allegations give little detail, and Plaintiff did not respond to the Motion to Dismiss.  Plaintiff affirmatively alleges seeking Defendants' legal services to ensure SEC compliance.  Without more, it is not at all clear that the alleged breach or injury arose from "the very soil from which the action for breach grew . . . ." *Calphalon*, 228 F.3d at 724 (citation and quotation omitted).  And the limited factual allegations do not provide sufficient information from which the Court could conclude the consequences of the breach or injury substantially effected Ohio.

      C.      **Reasonableness**

The last step in the due process inquiry is to determine whether exercising personal jurisdiction would be reasonable.  In assessing reasonableness, courts consider multiple factors, including: "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution . . . ."  *Air Prods.*, 503 F.3d at 554-55.

Mangum is a Utah resident who conducts business largely in Utah, Puerto Rico, Texas, and New York.  (Doc. 1-2 ¶¶ 7, 14.)  Mangum & Assoc. is a professional corporation with its principal place of business in Utah. (*Id*. at ¶ 8.)  Litigating in Ohio would place a substantial burden on both defendants. *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005).  Ohio has some interest in this dispute because Plaintiff, a publicly traded company, has its principal place of business in Ohio, but that interest is mitigated because the pleading allegations do not establish that Defendants' allegedly unlawful or injurious activity occurred in Ohio. *Id.*  The fourth factor, Utah's interest in efficient resolution, is apparent given Plaintiff's allegation that

both engaged in legal malpractice. Only the third factor arguably weighs in Plaintiff's favor because Plaintiff has a substantial interest in obtaining relief. *Id.* at 619. But even then, Plaintiff alleges initiating contact with Defendants. (Doc. 1-2 ¶15.) Plaintiff has put forth no allegation concerning when the actual breach or injury occurred. As Defendants correctly note, the information Plaintiff has presented suggest its claims may be time-barred.[2] (Doc. 5 at 54.) On balance, it would not be reasonable for the Court to exercise personal jurisdiction over Defendants.

Accordingly, the Court cannot exercise personal jurisdiction over Defendants. As for the John Doe defendants, the Court reaches the same conclusion. Aside from Plaintiff affirmatively alleging the John Does defendants were in either Utah or Texas (*id.* at ¶ 9), Plaintiff's allegation in support of personal jurisdiction is simply a broad legal statement (*id.* at ¶ 12). No facts were pleaded to conclude that due process would permit exercising personal jurisdiction over those defendants in Ohio. *Neogen,* 282 F.3d. at 887.

### III. CONCLUSION

For all of the reasons stated herein, Defendants' Motion to Dismiss (Doc. 5) is GRANTED and the matter is dismissed in its entirety.

**IT IS SO ORDERED.**

Date: July 30, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff attached two exhibits to its Complaint: emails between Mangum and Plaintiff's representative (Exhibit A) and a financial document from Home Savings reflecting a transaction in the amount of $1,000 with Darin H. Mangum, PLLC for the flat-rate fixed fee (Exhibit B). The exhibits reflect dates in October 2017.